IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CR-150-WKW |
| | ) | |
| ROBERT WILLIAMS, JR. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Robert Williams, Jr. has moved to suppress incriminating evidence revealed during a search incident to a traffic stop. (Doc. # 22.) The Magistrate Judge recommended that his motion be denied. (Doc. # 33.) Defendant objected. (Doc. # 38.) After an independent and *de novo* review of the record, the Recommendation, and the objections, the court will adopt the Recommendation and deny Defendant's motion to suppress.

## I. DISCUSSION

**A. Defendant consented to the search of the cigarette pack.**

Defendant first argues that, contrary to the Recommendation's conclusion, he did not consent to the search of the cigarette pack. The court disagrees. The totality of the circumstances shows that Defendant consented to the search.

To begin, it is undisputed that the officer asked if he could have the cigarette pack, and Defendant told his female passenger to give it to the officer. (Doc. # 33, at 4.) That action was voluntary. There were only two officers at the scene, and

they did not have their weapons drawn. Defendant was not physically restrained. And there is no evidence that the officer asked for consent in a threatening manner or retained Defendant's driver's license so that he could not leave. *See United States v. Perry*, 522 F. App'x 821, 826 (11th Cir. 2013) (holding that consent search was voluntary when only three officers were present, their weapons remained holstered, and they did not ask for consent in a threatening manner, even though officer retained defendant's license).

Defendant argues that his passenger's becoming "frozen" and noncompliant when the officer asked for the cigarette pack shows that she and Defendant *perceived* the officer's conduct as threatening. But Defendant cites no authority suggesting that, under these *objective* circumstances, his consent to the search was not voluntary.

Once the officer discovered the drugs in the cigarette pack, he had probable cause to arrest Defendant and search his person as a search incident to that arrest. *See United States v. Anderson*, 131 F. App'x 212, 215 (11th Cir. 2005) ("Once the *Terry* frisk revealed the concealed weapon . . . [the officer] had probable cause to arrest [the defendant] and to conduct a more thorough search incident to that arrest."). Thus, the officer's search of Defendant's person that revealed the pistol was also lawful.

The analysis could end there. But since the Recommendation (and the objections) address alternative grounds for denying the motion to suppress, the court will do so as well.

**B.    The officer had reasonable suspicion to conduct a *Terry* protective search of the cigarette pack.**

Defendant next contends that the officer lacked reasonable suspicion to conduct a *Terry* protective search of the cigarette pack and of Defendant's person.

These objections fall short, too. First, the circumstances surrounding the stop would have raised the suspicion of a reasonable officer.[1] The stop occurred in the middle of the night. As the officer approached Defendant, he observed that Defendant was wearing apparel identifying him as a member of a motorcycle club known to be involved in violent criminal activity. Just one hour earlier, the officer helped arrest a member of the same club who was carrying three handguns. (Doc. # 33, at 3–4.)

Second, Defendant's actions were suspicious. The officer observed him hand the cigarette pack to his female passenger, who then hid it between her legs. (Doc. # 33, at 4.) The officer believed the pack could contain a weapon such as a pocketknife or razor blade (Doc. # 33, at 4), or even a small Derringer pistol (Doc.

---

[1] Defendant does not dispute that the officer's traffic stop was initially justified. Defendant argued at the suppression hearing that the initial traffic stop was not supported by reasonable suspicion (Doc. # 31, at 38–39), but does not now object to the Recommendation's conclusion that the stop was justified because the radar gun showed that Defendant was speeding.

3

# 31, at 32). When asked what was in the pack, Defendant gave an evasive answer. *See Devenpeck v. Alford*, 543 U.S. 146, 155–56 (2004) (noting that officers' suspicion that individual was not being truthful supported probable cause to arrest). Under these circumstances, it was reasonable for the officer to do a *Terry* protective search of the pack.

Defendant objects that the officer had no specific information about the motorcycle club using pocketknives or razor blades as weapons or hiding them in cigarette packs. But the officer did know that the club members had a history of violence and that one had just been arrested with three handguns. And he thought that the cigarette pack could hold a small Derringer pistol.

Finally, that the cigarette pack was not within Defendant's immediate reach is irrelevant. It was still in the passenger's immediate reach, and thus the officer could lawfully ensure that it did not contain a weapon.

## C. The officer would have inevitably discovered the drugs in the cigarette pack by justifiably searching Defendant's person and finding the pistol.

For the same reasons the officer was justified in searching the cigarette pack, he also would have been justified to conduct a *Terry* frisk on Defendant's person before searching the pack. Defendant objects that the officer "had no information that the group posed a threat to anyone" or that its members "possessed weapons at higher rates than other Alabamians." (Doc. # 38, at 5.)

4

These objections are also unavailing. Defendant was pulled over in the middle of the night and identified as a member of a motorcycle club whose members "regularly partake in acts of violence." (Doc. # 33, at 3.) The officer had just participated in a traffic stop in which a club member was arrested with three handguns and in which the police had to call backup because numerous people showed up at the scene. (Doc. # 33, at 3.) These general circumstances, in addition to Defendant's specific actions, gave rise to reasonable suspicion. As the officer approached, he observed Defendant try to conceal something. When questioned about it, Defendant gave an evasive answer. The officer's suspicion that Defendant had a weapon was therefore a reasonable one.

Once he arrested Defendant for carrying a pistol without a permit, the officer could have performed a search of the area within Defendant's reaching distance. *See Arizona v. Gant*, 556 U.S. 332, 351 (2009). That would likely have led to the search of the cigarette pack and the discovery of the drugs inside it, making that search lawful even if not independently supported by reasonable suspicion. *See United States v. Johnson*, 777 F.3d 1270, 1274 (11th Cir. 2015) ("Under the exception for 'inevitable discovery,' the government may introduce evidence that was obtained by an illegal search if the government can establish a 'reasonable probability that the evidence in question would have been discovered by lawful means.'" (quoting *Jefferson v. Fountain*, 382 F.3d 1286, 1296 (11th Cir. 2004)).

## II. CONCLUSION

As the Supreme Court has explained, "Police officers act in full accord with the law when they ask citizens for consent." *United States v. Drayton*, 536 U.S. 194, 207 (2002). It "reinforces the rule of law" when a citizen manifests consent to search and the officer acts in reliance upon it. *Id.* Because Defendant consented to the search of the cigarette pack, he cannot now claim that the search violated his Fourth Amendment rights. For that and the other reasons above, Defendant's motion to suppress is due to be denied.

Based on the foregoing, it is ORDERED:

(1)  Defendant's objections (Doc. # 38) are OVERRULED.

(2)  The Recommendation (Doc. # 33) is ADOPTED.

(3)  Defendant's motion to suppress (Doc. # 22) is DENIED.

(4)  Defendant's motion to seal Defendant's Exhibit 1 (Doc. # 24) is GRANTED.

DONE this 28th day of June, 2019.

                                        /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE